IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAMAR MILBOURNE,<br><br>    Petitioner,<br><br>v.<br><br>BEVERLY HASTINGS, et al.,<br><br>    Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 13-4821 (JBS)<br><br>**OPINION** |

APPEARANCES:

Lamar Milbourne, Petitioner pro se
483785/700772C
Northern State Prison
168 Frontage Road
Newark, New Jersey 07114

**SIMANDLE, District Judge:**

### I. INTRODUCTION

By Order dated July 28, 2017, this Court denied Lamar Milbourne's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and denied a certificate of appealability. [Docket Item 19]. Petitioner has now moved for amendment of that order arguing the Court failed to address one of the grounds raised in the petition [Motion, Docket Item 20]. For the reasons stated herein, the motion shall be denied.

### II. BACKGROUND

Petitioner was convicted of first-degree aggravated sexual assault, N.J. STAT. ANN. § 2C:14-2(a); first-degree kidnapping,

N.J. Stat. Ann. § 2C:13-1(b); third-degree aggravated assault, N.J. Stat. Ann. § 2C:12-16; third-degree criminal restraint, N.J. Stat. Ann. § 2C:13-2(a); possession of a baseball bat for an unlawful purpose, N.J. Stat. Ann. § 2C:39-4(d); second-degree robbery N.J. Stat. Ann. § 2C:15-1(a); second-degree conspiracy to commit robbery, N.J. Stat. Ann. § 2C:15-1(a)(1); and disorderly persons simple assault, N.J. Stat. Ann. § 2C:12-1(a) for attacks against two individuals in 2002. After pursuing state court remedies, he filed a § 2254 petition on August 7, 2013 [Petition, Docket Item 1].

By Order dated August 15, 2013, this Court informed Petitioner of his rights under *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and ordered him to advise the Court as to how he wished to proceed. [*Mason* Order, Docket Item 2]. Petitioner elected to submit an amended petition on September 16, 2013. [Amended Petition, Docket Item 6]. The Court addressed and denied all grounds in the Amended Petition on July 28, 2017. [Opinion Order, Docket Items 18 & 19.]. Petitioner thereafter filed the present motion to alter or amend the judgment arguing the Court failed to address one of the points allegedly raised in his petition, namely, an alleged ground that his statement to police should have been suppressed due to illegal arrest without a warrant.

**III. STANDARD OF REVIEW**

In this district, a Rule 59(e) motion to alter or amend judgment is reviewed under the same standard as a motion for reconsideration under L. Civ. R. 7.1(i).[1] A party seeking reconsideration must set forth "concisely the matter or controlling decisions which the party believes" the Court "overlooked" in its prior decision. L. Civ. R. 7.1(i). "As such, a party seeking reconsideration must satisfy a high burden, and must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

**IV. ANALYSIS**

Petitioner argues the Court overlooked a ground for relief, specifically that his statement to police should have been suppressed due to an illegal arrest as there was no arrest

---

[1] Petitioner asserts his motion is timely because he did not receive notice of the Court's ruling until August 9, 2017 because the dismissal opinion and order were sent to his former prison address instead of his current one. The Court notes that Petitioner failed to keep the Court informed as to his address as required by Local Civil Rule 10.1, but will accept the motion as timely filed.

3

warrant nor consent to enter his home. Petitioner's motion is denied because the Court addressed all of the points he raised in his Amended Petition. The alleged overlooked ground was not included in the Petition or the Amended Petition.

As is evident from the electronic docket heading across the top of Petitioner's current exhibit [Docket Item 20], the document attached to Petitioner's motion consists of excerpts of his original petition [Docket Item 1]. The portion of the original petition now cited as proof that he presented his illegal arrest claim to the Court, Exh. 6, is merely the section of the original petition setting forth the grounds that were raised in the state courts. *Compare* Petition [Docket Item 1] at 3, *with* Exh. 6 of current motion [Docket Item 20].[2] One of the grounds listed in the original petition as raised in the state courts is indeed listed as: "Statement should be suppressed due to illegal arrest, no warrant to arrest or valid consent to enter home," which appears in answer to the question of "grounds raised" upon review to a higher state court, here, the New Jersey Supreme Court [Petition, Docket Item 1, ¶ 9(g)(6)]. This, obviously, was part of the history of the state court

---

[2] Petitioner also rearranged the original petition in his exhibit, presumably to make it appear as though the illegal arrest mention was part of Ground One in the section for the habeas grounds. The original page numbers, proceeding 5, 6, 3, 4, 7, are still visible in the exhibit. Willful attempts to mislead the Court will not be tolerated.

litigation. The actual grounds being raised in the original petition begin on Petition, p. 5, ¶ 12 [Docket Item 1 at Page 5]. Petitioner listed four grounds that he was raising under § 2254, none of which mention suppression of oral statements following warrantless arrest: (1) objections to the use of the DNA evidence without explanation that an unknown person's DNA was found on the victim; (2) objections to the kidnapping jury instructions; (3) admission of prejudicial testimony; and (4) failure to conduct a hearing regarding the suggestiveness of a photo identification process. Id. at pp. 6-11.

Even if Petitioner had raised his illegal arrest claim in the original petition, which he did not, it became irrelevant once Petitioner elected to file an Amended Petition under *Mason*.[3] *See W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013) ("[T]he amended complaint

---

[3] Before ordering the State to answer the petition, the Court issued a *Mason* order notifying that "AEDPA permits a prisoner in custody pursuant to the judgment of a State court . . . to file **one and only one petition** for a writ of habeas corpus under 28 U.S.C. § 2254 in the District Court. Under the AEDPA, prisoners . . . must include in this one and only § 2254 petition all federal grounds to collaterally attack the State judgment." *Mason* Order (citing *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000)) (emphasis in original). The Court informed Petitioner that he could either proceed with the petition as filed or withdraw the petition and file an amended petition, subject to the one year limitations period, containing all of the federal claims he wished to raise. *Id.* Petitioner elected to file an amended petition.

supersedes the original and renders it of no legal effect . . . ." (alteration in original) (internal quotation marks omitted)). The Amended Petition directed the Court to see Exhibit 2 for the list of grounds Petitioner wished to raise in his habeas petition. Those grounds were the ten grounds the Court instructed Respondent to answer and did not include the validity of Petitioner's oral statement or arrest under the Fourth Amendment. The ten grounds raised were accurately stated in this Court's Opinion of July 28, 2017 at pp. 10-11 and analyzed at pp. 12-50 [Docket Item 18]. Petitioner raised claims related to the failure to suppress his oral statements in a police vehicle and at the station house only in the context of trial counsel's alleged ineffective assistance in preparing and arguing Petitioner's motion to suppress (Ground VI), and trial counsel's alleged inadequate representation at the Miranda hearing (Ground IX); the Court thoroughly addressed and rejected these ineffective assistance of counsel claims under the Sixth Amendment. Id. at 32-40. Neither of the claims raised in this Court directly challenged the validity of his arrest or his immediate statements at time of arrest. Petitioner has therefore forfeited that federal claim.

In summary, the Court addressed all of the grounds that were properly presented in Petitioner's Amended Petition. His motion to alter or amend the judgment is therefore denied.

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court denied a certificate of appealability in its prior opinion and order, and there is no reason to reconsider that decision as nothing provided by Petitioner would make jurists of reason disagree with the Court's decision.

**V. CONCLUSION**

For the reasons stated above, the motion is denied. A certificate of appealability shall not issue.

An accompanying Order will be entered.


**December 15, 2017**           **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                       U.S. District Judge